IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ROBERT A. SCHAUB,<br><br>Plaintiff,<br><br>vs.<br><br>LACEY CYNTHIANN COX,<br><br>Defendant. | CV 14-00079-GF-BMM-RKS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Robert Schaub has filed a proposed Complaint and a Motion to Proceed in Forma Pauperis. Docs. 1-2. Mr. Schaub seeks to collect $1,400.00 from Defendant. Doc. 2. The Motion to Proceed in Forma Pauperis will be granted, but the Complaint should be dismissed with prejudice because the Court does not have jurisdiction over Mr. Schaub's claim.

**Motion to Proceed in Forma Pauperis**

Mr. Schaub submitted an account statement sufficient to make the showing required by 28 U.S.C. §1915(a). Doc. 1. Mr. Schaub may proceed in forma pauperis. 28 U.S.C. § 1915(a).

**Jurisdiction**

Jurisdiction is lacking. The Court does not have jurisdiction under 28 U.S.C. § 1331, federal question, because Mr. Schaub failed to allege a violation of a federal right. There is no diversity jurisdiction under 28 U.S.C. § 1332 because

there is no diversity of citizenship and the amount in controversy is less than $75,000.

**Pre-screening**

Because Mr. Schaub is proceeding in forma pauperis, the Court has a duty to screen his Complaint. 28 U.S.C. § 1915(e)(2). The Court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. This is that review.

Mr. Schaub seeks to enforce a Hill County Justice Court judgment via this action. Doc. 2. This Court does not have jurisdiction over his claim. This is not a defect that could be cured by amendment. As such, the Complaint should be dismissed with prejudice.

**Conclusion**

Mr. Schaub's Motion to Proceed in Forma Pauperis will be granted. His Complaint should be dismissed because the Court does not have jurisdiction over his claim.

**Certification Regarding Appeal**

The Federal Rules of Appellate Procedure provide as follows:

[A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:

> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App. P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (*quoting Coppedge*, 369 U.S. at 445). For purposes of Section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

The finding that the Court must abstain from hearing Mr. Schaub's claim is so clear that no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

**Address Change**

At all times during the pendency of this action, Mr. Schaub MUST IMMEDIATELY ADVISE the Court of any change of address.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **ORDERED:**

1.  Mr. Schaub's Motion to Proceed in Forma Pauperis (Doc. 1) is GRANTED.

2.  The Clerk shall edit the text of the docket entry for the Complaint (Doc. 2) to remove the word "LODGED," and the Complaint is deemed filed on October 30, 2014.

It is **RECOMMENDED:**

1.  This matter should be DISMISSED with prejudice.

2.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  No reasonable person could suppose an appeal would have merit.

# NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Schaub may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date this Order and Findings and Recommendations was served which is the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. Schaub files objections, he must itemize each factual finding to which objection is made and identify the evidence in the record relied on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and set forth the authority relied on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Mr. Schaub from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal. This order is not immediately appealable to the Ninth Circuit Court of

Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 4th day of November, 2014.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge